IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| MIDMARK CORPORATION, | § § | TRIAL BY JURY DEMANDED |
| Defendant. | § § § | |

## COMPLAINT

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" or "SPIS") files this Complaint against Midmark Corporation ("Defendant" or "Midmark") for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with a virtual office located at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

4. On information and belief, Defendant is an Ohio corporation with its principal office located at 60 Vista Dr., Versailles, OH 45380. On information and belief, Defendant may be served with process through its registered agent, Ct Corporation System, 4400 Easton

Commons Way, Suite 125, Columbus Oh 43219.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to be a resident of this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '044 Patent and sue infringers.

11. A copy of the '365 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12. The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by

having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale a associated hardware and software for determining medical asset locating services ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. The Product provides a vehicle tracking system for real-time GPS tracking of medical assets. A user can receive location information on a positional information device (e.g., mobile device or computer). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.





Source: https://www.midmark.com/medical/products/rtls
Source: https://www.midmark.com/medical/products/rtls/rtls-detail/asset-tags
Source: https://www.youtube.com/watch?v=vETQmeMzd8Q

     15.    The Product software sends a request from a first positional information device (e.g., mobile device or desktop with software installed) to a server. The request is for an address (location) of an asset having a second positional information device (e.g., tracking device). The request includes a first identifier (e.g., login ID and password) of the first positional information device. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://www.midmark.com/medical/products/rtls/rtls-detail/analytics
Source: https://www.youtube.com/watch?v=vETQmeMzd8Q

16. A second identifier for the second positional information device is determined based on the first identifier. For example, before activating the tracking device (i.e., second positional information device), a unique asset tracking device ID number (i.e., second identifier) is added to the user's account under the user login ID and password (i.e., the first identifier). Hence, the tracker's activation device ID number (i.e., second identifier) is mapped to the user's login ID (i.e., the first identifier) for tracking the assets. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://www.youtube.com/watch?v=vETQmeMzd8Q
Source: https://www.midmark.com/medical/products/rtls

17. The software provides the requesting positional information device the current location (i.e., the at least one address) of the asset having the tracking device (e.g., the second positional information device). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

 

Source: https://www.youtube.com/watch?v=vETQmeMzd8Q
Source: https://www.midmark.com/medical/products/rtls/rtls-detail/asset-tags

18. The Product transmits the tracking device position (e.g., at least one address) into the first positional information device (e.g., the mobile device). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

 

Source: https://www.youtube.com/watch?v=vETQmeMzd8Q
Source: https://www.midmark.com/medical/products/rtls/rtls-detail/asset-tags

19. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

20. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

21. Plaintiff is in compliance with 35 U.S.C. § 287.

### DEMAND FOR JURY TRIAL

22. Plaintiff demands a trial by jury of any and all causes of action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice

of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)  Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)  Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)  Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: October 7, 2020

Respectfully submitted,

/s/ Howard L. Wernow
**HOWARD L. WERNOW (SBN 0089019)**
SAND, SEBOLT & WERNOW CO., LPA
Aegis Tower - Suite 1100
4940 Munson Street, N. W.
Canton, Ohio 44718
Phone: 330-244-1174
Fax: 330-244-1173
Howard.Wernow@sswip.com

**JAY JOHNSON** (*Pro Hac Vice* Application Forthcoming)
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**